IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK E. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2211-JAR-GEB |
| | ) |
| KEYSTONE LEARNING SERVICES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for In Camera Review **(ECF No. 15)** and Defendant's Response to Plaintiff's Motion for In Camera Review **(ECF No. 16)**. The Court has considered Plaintiff's Motion and Defendant's Response. No reply was filed. For the reasons set forth below, Plaintiff's Motion is **DENIED IN PART**.

In his Motion, Plaintiff requests the Court to conduct an in-camera review of all files and documents concerning the Kansas Human Rights Commission's ("KHRC") investigation of his complaint. (ECF No. 15, p.1). In his proposed order, however, Plaintiff asks for KHRC to produce its file to the parties except for portions that are deliberative or conciliatory in nature or are attorney work product. Plaintiff then requests KHRC to produce these withheld documents to the Court for an in-camera review.

In its Response, Defendant argues it is procedurally improper and premature for the Court to review the entire KHRC file in-camera, but does not oppose KHRC's production

1

of discoverable records to the parties. (ECF No. 16). Defendant does request KHRC be ordered to provide a privilege log with any production of documents. (*Id*.).

As the parties are well aware, in the District of Kansas, the parties may "simply file a joint motion requesting that the Court direct the KHRC to make available for inspection and/or copying all records relating to the charge, except those that are 'deliberative' or 'conciliatory' in nature and those that constitute the work product of a KHRC attorney."[1] Deliberative or conciliatory documents are withheld because K.S.A. § 44–1005(e) and K.A.R. 21-43-6 prohibit the KHRC from disclosing such documents.

Based on Plaintiff's proposed order and Defendant's belief that documents should be produced, the Court views this as a joint request for KHRC records and will order them produced by a separate Order. The Court, however, finds both Plaintiff's request for an in-camera review and Defendant's request for a privilege log unwarranted at this time.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for In Camera Review **(ECF No. 15)** is **DENIED IN PART**. The Court will order KHRC to produce discoverable records to the parties in a separate Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 1st day of March 2018.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[1] *Scott v. Leavenworth Unified Sch. Dist. No. 45,* 78 F. Supp. 2d 1198, 1201 (D. Kan. 1999).
[2] *See, e.g., Scott,* 78 F.Supp.2d at 1201 (ordering neither an in-camera review or privilege log); *Conley v. Chrysler Fin.* Co., No. CIV.A. 00-2236-KHV, 2000 WL 1375297, at *1 (D. Kan. Aug. 31, 2000) (same).