IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK E. BROWN,

    Plaintiff,

    v.

KEYSTONE LEARNING SERVICES,

    Defendant.

Case No. 17-2211-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Mark E. Brown filed this employment discrimination action in the United States District Court for the District of Kansas, Kansas City Division, and designated Kansas City as the place of trial. Before the Court is Defendant Keystone Learning Services' Motion to Determine Place of Trial (Doc. 28), which asks the Court to transfer the place of trial to the Topeka Division. Plaintiff has not filed a response opposing this motion, and his time to do so has long since passed. Therefore, the Court grants the motion as uncontested. Additionally, as explained below, the factors this Court must consider when determining whether to transfer the place of trial counsel in favor of granting Defendant's motion.

Plaintiff failed to file a response to the motion to transfer and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

---

[1] *See* D. Kan. R. 6.1(d)(1) (requiring a response to a non-dispositive motion to be filed within fourteen days). Defendant's motion was filed on May 8, 2018.

As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to transfer as uncontested.

The Court also finds that the motion should be granted on the merits.  Defendant requests the case be transferred to the Topeka Division pursuant to 28 U.S.C. § 1404.  Under Local Rule 40.2, "[t]he court is not bound by the requests for place of trial.  It may determine the place of trial upon motion or in its discretion."  In this district, when considering a motion for intra-district transfer, courts look to the same factors relevant to change of venue under 28 U.S.C. § 1404.[2]  Section 1404(a) provides in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Under a § 1404(a) analysis, a district court should consider (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.[3]

Although a plaintiff's forum choice "should rarely be disturbed,"[4] it receives little deference when, as here, the plaintiff does not reside there.[5]  Further, in addition to living outside the chosen forum, "courts have given little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's

---

[2] *Performance Food Grp., Inc. v. Ajax Int'l Grp., LLC*, No. 12-2525, 2015 WL 5227926, at * 1 (D. Kan. Oct. 22, 2012).

[3] *Lopez-Aguirre v. Bd. of Cty. Comm'rs of Shawnee Cty., Kan.*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014); *see also Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007) (citations omitted).

[4] *Mortg. Research Ctr., LLC v. Flagship Fin. Grp., LLC*, No. 16-2253-JAR, 2016 WL 7229259, at * 3 (D. Kan. Dec. 14, 2016).

[5] *See 613 Agro Holdings, LLC v. Renick*, No. 12-2425, 2013 WL 1091632, at * 7 (D. Kan. Mar. 15, 2013) (quoting *Benson v. Hawker Beechcraft Corp.*, No. 07-2171, 2007 WL 1834010, at *2 (D. Kan. June 26, 2007); *Menefee v. Zepick*, No. 09-2127-MLB, 2009 WL 1313236, at * 1 (D. Kan. May 12, 2009)).

chosen forum."[6]  The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient.[7]

For substantially the same reasons identified by Defendant in its motion, the Court finds Defendant has met its burden of proving that the Kansas City forum is inconvenient.  Plaintiff resides in Topeka and his counsel is located in Topeka.  Defendant, his former employer, is located in Ozawkie, Kansas, approximately twenty-two miles northeast of Topeka.  According to Defendant's motion, all witnesses are located in Topeka, Ozawkie, or Oskaloosa, Kansas, and there are no known witnesses in or near Kansas City.  Likewise, there is no indication that other sources of proof are located in or near Kansas City.  There are no other identifiable advantages to holding the trial in this matter in Kansas City, nor obstacles to a fair trial in Topeka.  Given the lack of any facts giving a material relation or significant connection to Plaintiff's choice of forum in Kansas City, and given that Topeka would be more convenient for the parties and witnesses, Defendant's motion to transfer the place of trial to Topeka is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Keystone Learning Services' Motion to Determine Place of Trial (Doc. 28) is **granted**.

**IT IS SO ORDERED.**

Dated: June 25, 2018

                              S/ Julie A. Robinson
                              JULIE A. ROBINSON
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[6] *McIntosh v. City of Wichita, Kan.*, No. 14-2402, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015).

[7] *Toelkes v. BNSF Ry. Co.*, No. 15-2651-JAR, 2015 WL 7312437, at *1 (D. Kan. Nov. 19, 2015) (citing *Lopez-Aguirre*, 2014 WL 853748, at *2).