# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARK E. BROWN,

    Plaintiff,

v.

KEYSTONE LEARNING SERVICES,

    Defendant.

Case No. 17-2211-JAR

## MEMORANDUM AND ORDER

Plaintiff Mark E. Brown brought this action against his former employer, Defendant Keystone Learning Services, alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. On November 19, 2018, the Court issued a Memorandum and Order granting Defendant's motion for summary judgment on all claims.[1] Before the Court is Plaintiff's Motion to Alter or Amend Judgment (Doc. 51). The motion is fully briefed and the Court is prepared to rule. As described more fully below, Plaintiff's motion is denied.

## I.  Standard

Under Fed. R. Civ. P. 59(e), the Court may alter or amend judgment on the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling

---

[1]Doc. 49.

[2]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

law."[3] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[5] Whether to grant a motion to reconsider is left to the Court's discretion.[6]

## II. Discussion

Plaintiff moves the Court to reconsider its ruling granting summary judgment on his Title VII discrimination claim premised on Defendant's failure to hire him as a teacher for the 2016–17 school year. In granting summary judgment, the Court considered this claim under the *McDonnell Douglas Corp. v. Green*[7] burden-shifting framework. Under *McDonnell Douglas*, plaintiff initially bears the burden of production to establish a prima facie case of discrimination or retaliation.[8] The burden of establishing the prima facie case is "not onerous."[9] If plaintiff establishes a prima facie case, the burden shifts to defendant to articulate a facially nondiscriminatory reason for its actions.[10] If defendant articulates a legitimate nondiscriminatory reason, the burden shifts back to plaintiff to present evidence from which a

---

[3]*Id.* (citing Fed. R. App. P. 40(a)(2)).

[4]*Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir.1993); *see also* Charles Alan Wright, et al., Federal Practice & Procedure: Civil 2d § 2810.1 (footnotes omitted) ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

[5]*BHC Dev., L.C. v. Baily Gaming, Inc.*, 985 F. Supp. 2d 1276, 1295–96 (D. Kan. 2013).

[6]*Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[7]411 U.S. 792, 802–05 (1973).

[8]*McDonnell Douglas*, 411 U.S. at 802.

[9]*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

[10]*Id.* at 253–54; *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007).

jury might conclude that defendant's proffered reason is pretextual, that is, "unworthy of belief."[11]

The Court found that Plaintiff met his light burden of establishing a prima facie case on the failure to hire claim. The Court further found that Defendant articulated a facially nondiscriminatory reason for not hiring Plaintiff—that it only hired teachers for the 2016-17 academic year who actually applied and were qualified for the positions—and that Plaintiff could not demonstrate that this reason was pretext for discrimination. Plaintiff offered one argument in support of his pretext assertion: that John Dewey Academy President Terri Coughlin falsely told Plaintiff in the spring of 2016 that there were no teaching jobs available for the following school year. The Court found that Plaintiff failed to offer evidence that this explanation was false at the time it was made, or that Coughlin knew it was false when she made the statement.

Plaintiff argues that the Court must alter or amend its pretext ruling because he came forward with evidence that Coughlin's statement was false. Further, he offers argument and citation to the summary judgment record not made in his response brief. Finally, he offers his own new affidavit to support his claim that Coughlin knew there were teaching jobs available when she told Plaintiff otherwise.[12] None of Plaintiff's new arguments were included in his original response brief, which asserted in conclusory fashion that Coughlin falsely stated to Plaintiff that there were no teaching positions available as a pretext for not hiring him.[13] But as the Court pointed out in its November 19 summary judgment ruling, the evidence upon which

---

[11]*Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) (quoting *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995)).

[12]Doc. 51-1.

[13]Doc. 45 at 13 (stating "The false statement of no positions available by principal Coughlin was a pretext to not consider Mr. Brown for hire," and claiming pretext because Defendant did not hire "an otherwise licensed certified special education teacher to fill one of the three known open and available positions with defendant.").

Plaintiff relied did not support his assertion that there were "at least three special education teacher positions" available for the 2016–17 school year.[14] His response did not specify the positions to which he referred, nor when they were posted in relation to his conversation with Coughlin.

Plaintiff mistakenly asserts that the Court "acknowledge[d] that teaching positions were available for the 2016–17 school year when plaintiff met with principal Coughlin on April 28, 2016."[15] In fact, the Court's November 19 Order stated as uncontroverted that "[Plaintiff] later discovered that Keystone had advertised on the Kansas teaching website for special education teachers throughout the spring of 2016."[16] Indeed, it was uncontroverted that Plaintiff later discovered such positions were posted. But as the Court explained later in its decision, this statement of fact was based on Plaintiff's own testimony about acquiring this knowledge. "[He] does not specify the positions to which he refers, when they were posted, or when they were filled."[17] In sum, the Court fully considered this argument and found that Plaintiff failed to demonstrate that the posted positions were still open at the time Coughlin made the statement to him.

Next, Plaintiff introduces new facts and citations in support of his contention that Coughlin knew there were available teaching positions when she told Plaintiff otherwise, including facts based on his own new affidavit submitted with the motion to alter or amend. The Court declines to consider this evidence. While a motion to alter or amend may be based on the discovery of new evidence, this is not new evidence. This is evidence that Plaintiff could have

---

[14]Doc. 49 at 14.
[15]Doc. 51 at 1.
[16]Doc. 49 at 7.
[17]*Id.* at 14.

4

presented at the time he filed his response brief.  His failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to alter or amend.

In sum, Plaintiff's motion is denied to the extent it is premised on arguments and facts not presented in the first instance.  To the extent Plaintiff claims that the Court erred by finding that his pretext evidence about Coughlin's false statement was insufficient, his motion is likewise denied.  The Court carefully considered the arguments and evidence presented in Plaintiff's response to the summary judgment motion.  It is not the Court's responsibility on summary judgment to scour the record and construct arguments not articulated in the response brief.  Based on the argument and evidence presented to the Court at the time it decided summary judgment, Plaintiff failed to demonstrate sufficient evidence of pretext to survive summary judgment, and the Court finds no clear error in that judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 51) is **denied**.

**IT IS SO ORDERED.**

Dated: February 22, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE